**UNITED STATES of America,**

v.

**Joseph L. SCLAFANI, Defendant.**

**Cr. 43476.**

United States District Court,
E. D. New York.

Dec. 29, 1954.

Anthony A. Marcelle, New York City (Albert I. Schmalholz, New York City, of counsel), for the motions.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y. (Thomas C. Platt, Jr., Asst. U. S. Atty., Williston, N. Y., of counsel), in opposition.

RAYFIEL, District Judge.

On February 26, 1954, an eight-count information was filed against the defendant. The first three counts charge him, as president of Joseph L. Sclafani, Inc., a corporation, with wilfully and knowingly attempting to evade the payment of part of its income taxes for the years

1947 to 1949, inclusive, by filing with the Collector of Internal Revenue false and fraudulent tax returns for the said years. Counts 6 to 8, inclusive, charge him, a married man, with wilfully and knowingly attempting to evade the payment of part of the income taxes due from him and his wife for the years 1947 to 1949, inclusive, by filing with the Collector of Internal Revenue false and fraudulent income tax returns for himself and his wife for the said years. Counts 4 and 5 charge that on or about, and between June 21, 1950, and January 12, 1951, the defendant, a married man, wilfully and knowingly attempted to defeat and evade a part of the income taxes due from him and his wife for the years 1945 and 1946, respectively, by making, filing and causing to be filed with representatives of the United States Treasury Department certain false and fraudulent statements for the purpose of concealing additional unreported income.

On July 23, 1954, a subpoena duces tecum was served upon the defendant, directing him to appear before a Grand Jury and to bring certain books and records of the aforementioned corporation with him. On July 26, 1954, another subpoena was served upon him, directing him to appear before the said Grand Jury to give oral testimony relating to the affairs of the said corporation. Both subpoenas were returnable July 27, 1954, on which day the defendant appeared but declined to testify, claiming his constitutional privilege. On July 29th Judge Bruchhausen ordered him to appear and testify before the Grand Jury to the extent hereinafter indicated.

The defendant has moved before this Court for the following relief:—

(1) to dismiss the information on the ground that his constitutional rights have been infringed.

(2) to dismiss counts 4 and 5 of the information on the ground that prosecution thereunder is barred by the Statute of Limitations.

■ Judge Bruchhausen's aforementioned order of July 29th, 1954, directed the defendant, as an officer of Joseph L. Sclafani, Inc., to answer questions relating to the identification and authentication of the books and records of the said corporation, which were to be produced pursuant to the subpoena duces tecum, and to explain the absence or reveal the whereabouts of those not produced. That the defendant was clearly obliged to do on the authority of Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, and United States v. Field, 2 Cir., 193 F.2d 92, certiorari denied 342 U.S. 894, 72 S.Ct. 202, 96 L.Ed. 670.

■ Submitted in support of the first motion was the affidavit of Anthony A. Marcelle, Esq., his attorney, verified the 18th day of October, 1954. Nowhere in the affidavit does it appear that the defendant's constitutional rights were invaded. Nowhere is the claim made that the defendant was compelled or even asked to answer any question which constituted a deprivation of his constitutional privilege against self-incrimination. As a matter of fact the affidavit states that *prior* to the defendant's appearance before the Grand Jury the affiant expressly "advised Mr. Sclafani that since there were criminal proceedings pending in this Court against him individually, he should refuse to testify and to answer any of the questions put to him before the Grand Jury on the ground that he might incriminate himself." No indictment has been returned against the defendant or the said corporation as the result of his testimony before the said Grand Jury. The defendant has failed completely to show that his constitutional rights and privileges have been violated or that there was any impropriety in the proceedings leading up to the filing of the information. As a matter of fact the information was filed with his consent; it could not be filed without it.

■ The defendant has asked also for leave to inspect the Grand Jury Minutes. Such motions are rarely granted, and then only when the defendant has met his burden of showing clearly that he is entitled to such inspection. This the de-

fendant, as hereinabove indicated, has utterly failed to do.

We come now to defendant's motion to dismiss counts 4 and 5 of the information on the ground that prosecution thereunder is barred by the Statute of Limitations, Title 26 U.S.Code, § 3748 (a).

The tax years 1945 and 1946 are involved in said counts and the returns therefor were filed in March, 1946, and March, 1947, respectively, more than six years prior to the filing of the information, the limitation fixed by subdivision 2 of section 3748(a), supra.

In support of his motion the defendant cites the cases of Guzik v. United States, 7 Cir., 54 F.2d 618, certiorari denied 285 U.S. 545, 52 S.Ct. 395, 76 L. Ed. 937, Cave v. United States, 8 Cir., 159 F.2d 464, and United States v. Ehrlich, D.C.E.D.Pa., 104 F.Supp. 223, contending that those cases are controlling since the crimes in said counts alleged were completed in March, 1946, and March, 1947. It is correct to say that prosecution for the alleged crime of attempted evasion of taxes *by the filing of false tax returns,* was outlawed in 1954, but it was possible for the defendant to violate the statute involved in more than one way and on more than one occasion, and that is precisely what the Government accuses the defendant of doing. Counts 4 and 5 of the instant information charge that the defendant attempted to evade the payment of income taxes for the years 1945 and 1946, respectively, by filing or causing to be filed with representatives of the United States Treasury Department between June 21, 1950 and January 12, 1951, certain false and fraudulent statements for the purpose of concealing additional unreported net income for the years therein mentioned.

The case of United States v. Beacon Brass Co., Inc., 344 U.S. 43, 73 S.Ct. 77, 79, 97 L.Ed. 61, appears to be in point. The pertinent facts in that case are substantially similar to those in the instant case, and the Court there said:— "The language of § 145(b) which out-laws willful attempts to evade taxes 'in any manner' is clearly broad enough to include false statements made to Treasury representatives for the purpose of concealing unreported income."

For the foregoing reasons the defendant's motion is in all respects denied.