**UNITED STATES of America,**
**Plaintiff,**

v.

**William B. ENGLAND, a/k/a William Benjamin England,**

**and**

**William Bernard England, a/k/a William B. England, Jr., Defendants.**

**Crim. No. 19548.**

United States District Court
E. D. Illinois.
May 8, 1964.

Willard C. McBride, Tax Division, Dept. of Justice, Washington, D. C.; Carl W. Feickert, U. S. Atty., and Robert F. Quinn, Asst. U. S. Atty., for plaintiff.

Wayne H. Bigler, Jr., St. Louis, Mo., and John J. Hoban, East St. Louis, Ill., for defendants.

JUERGENS, District Judge.

A one-count indictment was returned by the grand jury against the defendants, William B. England, a/k/a William Benjamin England, and William Bernard England, a/k/a William B. England, Jr. The indictment, generally stated, charges that commencing on or about the 27th day of June, 1955, and continuing to the date of the return of the indictment, the defendants, William B. England, a/k/a William Benjamin England, and William Bernard England, a/k/a William B. England, Jr., did wilfully and knowingly attempt to evade and defeat the payment of income taxes, then due and owing by defendant William B. England and Mary England to the United States of America for the year 1944, in the amount of $9,-849.78, more or less, and by William B. England for the years 1945 and 1946, in the amount of $17,182.19, more or less, duly assessed against William B. England and Mary England on February 4, 1955, the said William B. England then having and owning real property subject to levy by the United States of America for the collection of such taxes, by concealing and attempting to conceal from the Director of Internal Revenue the nature and extent of real property owned by said William B. England and the location thereof and by wilfully and knowingly making false statements as to the ownership and interest in said real property owned by William B. England and located at 1118–1120 North Ninth Street and at 803–805 Exchange Avenue in the City of East St. Louis, Illinois, in violation of Title 26 United States Code § 7201, and Title 18 United States Code § 2.

A jury found both defendants guilty.

Separate motions of the defendants for acquittal, for new trial, and their combined motion in arrest of judgment are for disposition.

In support of their motion in arrest of judgment, the defendants assert that the indictment does not state facts sufficient to constitute an offense against the United States.

The indictment charges the defendants not with the evasion of income tax but rather with wilfully and knowingly attempting to evade and defeat the payment of income tax by concealing and attempting to conceal assets belonging to William B. England and by making false statements as to the ownership of certain properties. A person or persons can evade and defeat tax by a combination of such things as failing to file a return, filing a false return, failing to keep records, concealing income, or other means. These things can provide the means of evading or defeating the tax in the first instance by preventing an assessment of it either by the taxpayer or by the Commissioner. Cohen v. United States, 9th Cir., 1962, 297 F.2d 760. The two defendants here are charged with attempting to evade the payment of income taxes due and owing which were assessed against William B. and Mary England on February 4, 1955. The statute under consideration defines at least two separate crimes; namely, the attempt to evade or defeat tax and the attempt to evade or defeat payment of tax. Here the defendants are charged with the latter. The indictment states sufficient facts to constitute an offense against the United States; namely, wilfully and knowingly attempting to evade and defeat the payment of income tax.

The defendants' motion in arrest of judgment is without merit and will be denied.

In support of his motion for acquittal, defendant William Bernard England (hereinafter referred to as "England, Jr.") asserts that the evidence affirmatively showed there was no valid assessment of the taxes alleged to be due in the indictment within the statutory period for making such assessment; that there was no evidence of an assessment or of taxes due and owing by defendant William B. England admitted or admissible against this defendant; that there was no evidence of any actions or words by this defendant indicating a purpose to evade collection of back taxes allegedly owed by defendant William B. England by reason of the actions and false statements charged in the indictment; that there was no evidence of any action by this defendant to evade taxes which were not outlawed by the Statute of Limitations; that there was no evidence that this defendant ever intentionally acted to conceal properties or make false statements concerning them to evade William Benjamin England's alleged back taxes; that the evidence affirmatively showed that the only knowledge about the interest or ownership of properties referred to in the indictment was obtained by this defendant from William B. England and not on the basis of personal knowledge; that the evidence affirmatively showed that any taxes owed by defendant William B. England and properly assessed for 1944, 1945 and 1946 were collected long before February 4, 1955 and that it was impossible for this defendant to attempt to evade payment of any such taxes; that there was no corroborative evidence of the falsity of any statements attributed to this defendant; and that the indictment alleged more than one crime in the only count and was duplicitous.

In support of his motion for new trial, defendant England, Jr., asserts that the Court erred in denying his motion for acquittal made at the conclusion of the plaintiff's case and his motion for acquittal made at the conclusion of the evidence; that the verdict is contrary to the weight of the evidence; that the verdict is not supported by substantial evidence admitted or admissible against this defendant on all elements of the case; that the verdict is contrary to the statutes of the United States relating to the assessment and collection of taxes; that the Court erred in admitting testimony against this defendant of witnesses Curtis Matthes, John Kassly, Norman Mueller, Leo McCarthy, Margaret Dougherty and Paul Mueller as well as exhibits identified by them or by other means, over this defendant's objections; that the Court erred in charging the jury and refusing to charge the jury as requested; that this defendant was substantially prejudiced and deprived of a fair trial by reason of a statement made by the attorney for the government, wherein he referred to this defendant as "an ambulance chaser"; that the Court erred in denying this defendant's motion for a mistrial; that the Court erred in admitting testimony and exhibits reflecting penalties and interest charged to defendant William Benjamin England by the government but not alleged in the indictment and by admitting testimony and exhibits setting out amounts of taxes, interest and penalties allegedly owed which were far in excess of the amounts charged in the indictment, over defendants' objections; that the Court erred in admitting testimony and exhibits designed to show actions done by this defendant which were outlawed by the Statute of Limitations, over defendants' objection; that the Court erred in admitting testimony and evidence against both defendants which was admissible, if at all, only against defendant William Benjamin England, over this defendant's objections.

In support of his motion for acquittal, defendant William Benjamin England (hereinafter referred to as "England, Sr.") asserts that the evidence affirmatively showed there was no valid assessment of the taxes alleged to be due in the indictment within the statutory period

for making such assessment; that there was no evidence of taxes due and owing by this defendant as alleged in the indictment; that there was no evidence of any actions or words by this defendant indicating a purpose to evade collection of back taxes allegedly owed by this defendant by reason of the actions or false statements charged in the indictment; that there was no evidence of any action by this defendant to evade taxes which was not outlawed by the Statute of Limitations; that there was no corroborative evidence, aside from this defendant's alleged admissions, that any false statements were made or actions done to conceal properties to evade taxes; that the evidence affirmatively showed that any taxes owed by this defendant and properly assessed for 1944, 1945 and 1946 were collected long before February 4, 1955, and that it was impossible for this defendant to attempt to evade payment of any such taxes; that the indictment and the evidence affirmatively showed that this defendant was placed in jeopardy twice for the same offense; and that the indictment alleged more than one crime in the only count and was duplicitous.

In support of his motion for new trial, defendant England, Sr., asserts that the Court erred in denying this defendant's motion for acquittal made at the conclusion of the plaintiff's case and at the conclusion of the evidence; that the verdict is contrary to the weight of the evidence and is not supported by substantial evidence on all elements of the case; that the verdict is contrary to statutes of the United States relating to assessment and collection of taxes; that the Court erred in admitting testimony of witnesses Curtis Matthes, Norman Mueller and Paul Mueller as well as exhibits identified by them or by other means, over this defendant's objections; that the Court erred in charging the jury and refusing to charge the jury as requested; that this defendant was substantially prejudiced and deprived of a fair trial by reason of a statement made by the attorney for the government during cross-examination of William B. England, Jr.,

an attorney, when the attorney for the government referred to the co-defendant as "an ambulance chaser," said defendant being this defendant's son; that the Court erred in denying defendant's motion for a mistrial and in admitting testimony and exhibits reflecting penalties and interest charged to this defendant by the government but not alleged in the indictment and by admitting testimony and exhibits setting out amounts of taxes, interest and penalties allegedly owed which were far in excess in the amounts charged in the indictment, over this defendant's objections; that the Court erred in admitting testimony and exhibits designed to show actions done by this defendant which were outlawed by the Statute of Limitations and in admitting testimony and evidence against both defendants which was admissible, if at all, only against defendant William B. England, Jr., over this defendant's objections.

Section 6501 of the Internal Revenue Code of 1954 provides in pertinent parts as follows:

"§ 6501. Limitations on assessment and collection

"(a) General rule.—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed * * *

* * * * * *

"(c) Exceptions.—

"(1) False return.—In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.

* * * * * *

"(4) Extension by agreement. —Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, * * *, both the Secretary or his delegate and the taxpayer have consented in writing to its assessment after

**498**

such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

■ The evidence established that defendant England, Sr., filed 1944, 1945 and 1946 income tax returns. The evidence further established that these returns were later determined to be false and fraudulent and filed with intent to evade or defeat the income taxes and that defendant England, Sr., pleaded guilty to filing false and fraudulent income tax returns for the years 1945 and 1946. The evidence also established that defendant England, Sr., executed waivers of restrictions as to the assessment of the tax for the years 1944, 1945 and 1946. These waivers contained fraud penalty provisions, and by signing the waivers William B. England and his wife, Mary England, agreed to the tax deficiency and fraud penalty. Assessment of a tax can be made at any time when a false or fraudulent return is filed with intent to evade tax, and where there is fraud with intent to evade tax the Statute of Limitations is tolled. Kalil v. C. I. R., 5th Cir., 1959, 271 F.2d 550.

■ If it is contended that the 1939 Internal Revenue Code applies, the assessment was equally proper since the Statute of Limitations does not apply since Section 276(a) provides in pertinent parts as follows:

"In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time."

Regardless of whether the 1939 Code or the 1954 Code is applicable to the assessment here in question, the Statute of Limitations does not apply since the situation presented here comes clearly within the exceptions provided therein.

The defendants contend that the Court erred in giving government's suggested instruction No. 10 and especially the second paragraph thereof, which provides as follows:

"I now charge you as a matter of law that the assessments made against the defendant William B. England on February 5, 1955, in the amount of $9,849.78 as to the years 1944, and in the amount of $17,182.19 as to the years 1945 and 1946, have been valid obligations of the taxpayer to the United States Government since the dates on which the respective assessments were made until the date, November 27, 1962, on which the present indictment was returned and in the amounts, to the extent that all or any portion of these amounts have not been paid, which I have just enumerated."

Prior to the giving of the latter part of the instruction hereinabove set out, the Court in the same instruction instructed the jury that evidence, both documentary and oral, relating to the assessments was admitted and explained the manner in which an assessment comes into existence and further instructed that the assessment was prima facie correct for all purposes and that once assessed became a valid obligation of a taxpayer and that it became the duty of the Internal Revenue Service to collect the amount assessed and that if the taxpayer neglects or refuses to pay the assessment within 10 days after notice and demand, it is lawful for the Revenue Service to make collection by levy on the taxpayer's property.

The question of the validity of the assessment was argued by the defendants, based on the failure to make the assessment within the limitation period. This contention has hereinabove been disposed of and will not again be considered.

■ There was some argument by the counsel for the government and counsel for the defense as to whether Section 6501(c) (1) or 6501(c) (2) applied.

Section 6501(c) (1) provides exceptions for the limitation period when a false or fraudulent return has been filed with intent to evade tax and (c) (2) applies to wilful attempt to evade or defeat payment and makes no reference to the filing of a return. There was evidence admitted which established that fraudulent returns had been filed for the years 1944–46 as well as evidence to show that a valid assessment had been made against England, Sr., for the years in question. Defendants argue that the crime with which they have been charged deals with attempting to defeat and evade the payment of income taxes by a different method than by filing false or fraudulent returns and, therefore, argue that this is not a case of false or fraudulent return with intent to evade tax. A wilful intent to evade taxes is not here charged. Rather the charge is that the defendants attempted to defeat and evade the payment of taxes which had previously been assessed. The assessment was based upon a case of a false or fraudulent return with the intent to evade taxes. All of the evidence bearing on the validity or invalidity of the assessment substantiated its validity. There was no evidence whatever to show that the assessment was invalid. It appears that the sole contention of the defendants as concerns the validity of the assessment dealt with whether Section 6501(c) (2) or 6501(c) (1) applies. Under these circumstances the question was wholly a matter of law to be decided by the Court rather than a factual question which should have been submitted to the jury.

In United States v. Cohen, 9th Cir., 1962, 297 F.2d 760, the Court of Appeals for the Ninth Circuit held that a comparable instruction, wherein the Court ruled that taxes had been duly assessed against Cohen for certain specified years, was proper and instructed the jury that the assessments were valid. In the Cohen case there was some question as to whether there had been proper notice given of the assessments. Here there is no such question. All of the evidence substantiates the fact that the assessment was

proper, leaving for determination by the Court only the question as to which section of the statute was applicable. Such being a question of law, the instruction was properly given.

■ Even assuming that whether or not there was a valid assessment was a question of fact, it is not reversible error for the court in its instructions to assume the existence of facts, the existence of which is undisputed or proved beyond controversy. United States v. Jonikas, 7th Cir., 1952, 197 F.2d 675. And when a fact is not made an issue by defendant and it is shown without controversy by the evidence, the trial judge does not commit reversible error in stating that fact to the jury. Malone v. United States, 6th Cir., 1956, 238 F.2d 851.

■ Defendant England, Jr., asserts that there was no evidence admitted against him that there had been a valid assessment made against his father for the taxes involved and that since this was an essential element of the case, he was entitled to acquittal. He argues that the evidence in the case relating to the assessment of the taxes was admitted only as to the father and not as to him. It is true that the certificates of assessment were admitted against England, Sr., and were not admitted against England, Jr. The evidence, however, substantially established that England, Jr., had knowledge that his father owed taxes, both by his own admission and by documentary evidence and by testimony of other witnesses.

■ Defendants assert that reversible error was committed when the government's attorney referred to England, Jr., as "an ambulance chaser."

During the course of cross-examination the following resulted:

"Q. Now, I don't believe you stated any reason in your testimony with Mr. Bigler that one of your reasons was to get law business out of it?

"A. No, I don't believe I gave that as a reason.

"Q. No, I don't believe you did.

"A. It being such an incidental thing that * * *

"Q. Do you know what is known as an ambulance chaser in law practice?"

Attorney for the defense at this point objected; the Court sustained the objection, ordered that the remark be stricken and instructed the jury to disregard it. Whereupon, the attorney for the defense asked the Court to declare a mistrial, asserting that the remark was unjustified completely on the evidence and that it was prejudicial to the extent that the defendant could not get a fair trial before the jury that had heard the remark. The Court overruled the motion for mistrial.

While the question was ill-advised, the Court promptly struck the remark and advised the jury to disregard it. Under the circumstances the question asked was not sufficient that this Court should have declared a mistrial and was not so prejudicial that it affected either of the defendants' receiving a fair and impartial trial by the jury. Had the remark been repeated, a different ruling might be in order. However, under the circumstances there has been no showing of prejudice sufficient to justify this Court in granting a mistrial or granting a new trial.

■ The defendants also contend that the admission of testimony and exhibits reflecting penalties and interest charged to defendant William Benjamin England by the government but not alleged in the indictment and the admission of testimony and exhibits setting out amounts of taxes, interest and penalties allegedly owed, which were far in excess of the amounts charged in the indictment, was erroneous.

In United States v. Ford, 2nd Cir., 1956, 237 F.2d 57, the government had admitted items of net worth which purported to show additional unreported net income. The Court held that the evidence was highly relevant both as to the issue of defendant's intent and to refute defendant's claim as to a substantial cash hoard on hand at the opening indictment date, consisting of receipts from Clarence or Aunt Mary prior to 1942, and held that the evidence was properly admitted. And in United States v. Iacullo, 7th Cir., 1955, 226 F.2d 788, the Court had the following to say:

"As a general rule, upon the trial of an accused person, evidence of another offense, wholly independent of the one charged, is inadmissible. As was said in Bracey v. United States, 79 U.S.App.D.C. 23, 142 F.2d 85, at page 87, this rule is subject to some well established exceptions. For instance, such evidence is admissible if it is so related to or connected with the crime charged as to establish a common scheme or purpose so associated that proof of one tends to prove the other, or if both are connected with a single purpose and in pursuance of a single object; as well as to establish identity, guilty knowledge, intent and motive."

The admission of the objected testimony and exhibits was proper to prove the legality of the assessments against William B. England and Mary England.

■ The defendants' assertions that the motions for acquittal should have been allowed at the conclusion of plaintiff's case and at the conclusion of all the evidence and that the verdict is contrary to the weight of the evidence and is not supported by substantial evidence and is contrary to the statutes of the United States are without merit. The evidence against both of the defendants was overwhelming. The evidence established the guilt of the defendants as charged in the indictment against both of the defendants.

■ Both defendants assert that the indictment alleged more than one crime in the only count and was duplicitous. The defendants do not specify what crimes they believe are charged; however, the Court will assume that the defendants refer to the fact that more than one year's taxes are involved in the

attempt to evade and defeat the payment thereof. Here only one offense is charged; namely, that of attempting to evade and defeat the payment of income taxes, and the fact that more than one year's taxes are involved does not result in charging more than one crime in the indictment.

 England, Sr., asserts that he was placed in jeopardy twice for the same offense. He apparently refers to his prior conviction upon a plea of guilty to an attempt to evade and defeat the assessment of taxes. The attempt to evade and defeat assessment of a tax and the attempt to evade and defeat the payment of a tax are two separate and distinct offenses. Cohen v. United States, supra.

The motion of William Bernard England for acquittal should be denied; the motion of William Benjamin England for acquittal should be denied; the motion for new trial of William Bernard England should be denied; and the motion for new trial of William B. England should be denied.