**UNITED STATES of America**

v.

**John A. SHORTER, Jr.**

**Crim. No. 84–00421.**

United States District Court,
District of Columbia.

March 26, 1985.

872

Joseph E. diGenova, U.S. Atty., Carol E. Bruce, Darryl W. Jackson, Asst. U.S. Attys., Washington, D.C., for prosecution.

Plato Cacheris, Larry S. Gondelman, Hundley & Cacheris, Washington, D.C., for defense.

## OPINION

HAROLD H. GREENE, District Judge.

Defendant was indicted in one felony count of willful attempt to evade the payment of income taxes due for the years 1972 through 1983, in violation of 26 U.S.C. § 7201, and in six misdemeanor counts of willful failure to pay income tax for each of the years 1978 through 1983, in violation of 26 U.S.C. § 7203. Presently pending before the Court is defendant's motion to dismiss the tax evasion count. The motion claims (1) that defendant is being charged with acts which are barred by the statute of limitations, and (2) that this count is impermissibily duplicitous because it incorporates twelve separate offenses. The Court has carefully reviewed the grounds advanced by defendant, and it has concluded that the motion must be denied.

### I

*Statute of Limitations*

The statute of limitations for tax evasion is six years. 26 U.S.C. § 6531.

Since the indictment in this case was returned in 1984, it bars prosecution for offenses committed before 1978. However, the statute of limitations does not *ipso facto* rule out prosecution with respect to taxes owing prior to 1978, for the offense of tax evasion is not necessarily committed only in the year when the tax was due and payable. That is so because the existence of a tax deficiency is but one of the two essential elements of the crime, the other being an affirmative act of willful evasion. *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965); *Spies v. United States*, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943).[1] An act constituting evasion which occurs during the limitations period brings the prosecution within the statute of limitations even if the taxes being evaded were due and payable prior thereto. *United States v. Trownsell*, 367 F.2d 815 (7th Cir.1966); *United States v. Mousley*, 194 F.Supp. 119

(E.D.Pa.1961), *aff'd without opinion*, 311 F.2d 795 (3d Cir.1963); *United States v. Sclafani*, 126 F.Supp. 654 (E.D.N.Y.1954), *aff'd on other grounds*, 265 F.2d 408 (2d Cir.1959); see also, *United States v. Malnik*, 348 F.Supp. 1273 (S.D.Fla.1972), *aff'd on other grounds*, 489 F.2d 682 (5th Cir. 1974).

It follows that the indictment in this case is not subject to dismissal even with respect to the evasion of taxes due prior to 1978 if it is supported by proof of one or more affirmative acts of evasion committed by the defendant within the past six years if these acts relate to taxes due in earlier years.

The government claims that it will prove acts of evasion occurring within the limitations period which relate to the nonpayment of taxes during the years prior to that period.[2] It is clear that, on this

---

**1.** The Supreme Court in these cases referred to three elements: (1) failure to pay the tax, (2) an affirmative act of evasion, and (3) willfulness. For purposes of the present analysis, it is appropriate to telescope the second and third elements into one.

**2.** To be sure, the relationship between specific acts of evasion with specific failures to pay taxes is not spelled out in the indictment. Defendant contends that this failure renders the felony count fatally defective, and further that this defect cannot be remedied by a bill of particulars because such a bill would usurp the functions of the grand jury. Motion to Dismiss at 5. This argument lacks merit.

An indictment is sufficient if it contains the elements of the offense, fairly informs the defendant of the charge against which he must defend, and enables him to plead an acquittal or conviction in bar of future prosecutions. *Hamling v. United States*, 418 U.S. 87, 117–18, 94 S.Ct. 2887, 2907–08, 41 L.Ed.2d 590 (1974); *Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962); *United States v. Debrow*, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953); *United States v. Haldeman*, 559 F.2d 31, 123–26 (D.C.Cir.1976); *United States v. Conlon*, 628 F.2d 150, 156 (D.C.Cir. 1980), *appeal after remand*, 661 F.2d 235 (D.C. Cir.1981). See also, Fed.R.Crim.P. 7(c)(1).

The validity of an indictment in this respect is to be determined upon practical rather than technical grounds. *United States v. Guthartz*, 573 F.2d 225, 227 (5th Cir.1978); *United States v. Haas*, 583 F.2d 216 (5th Cir.1978). The test is not whether the indictment might have been

drawn with greater certainty and exactitude, but whether it sets forth the elements of the offense and sufficiently apprises defendant of the charges. *United States v. London*, 550 F.2d 206, 211 (5th Cir.1977); *United States v. Haldeman, supra*, 559 F.2d at 124.

In this case, the indictment clearly alleges violation of a cited statute, sets forth all the *essential elements of the crime* (see *supra* note 1), and details both the amount of the tax deficiencies and the methods alleged to have been employed by defendant to evade the payment of these taxes. This is sufficient to inform him of the charges against him and to protect him *against double jeopardy*. Furthermore, with respect to concerns over double jeopardy, it is established that the entire record of ·a criminal proceeding, not merely the indictment, is utilized to determine the scope of a previous prosecution. *Russell v. United States*, 369 U.S. 749, 764, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1961); *United States v. Haldeman, supra*, 559 F.2d at 126; 1 Wright, *Federal Practice and Procedure* § 125 at 233. The record in this case is already clear that this prosecution will bar any further prosecution for tax evasion related to any act of evasion occurring between 1978 and 1983. See also, Part III, *infra*. Thus, the indictment is legally sufficient to call for a trial on the merits.

While a bill of particulars cannot cure a defective indictment, *Russell v. United States, supra*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240; *United States v. Conlon, supra*, 628 F.2d 150 (D.C.Cir.1980), it may be useful to assist a defendant in preparation for trial where the indictment is sufficient but not detailed. *United*

basis, the statute of limitations as such[3] is not a bar.

## II

### Duplicity

■ More substantial is defendant's contention that the indictment is impermissibly duplicitous in that it charges twelve separate offenses—evasion of taxes due for twelve separate years—as a single offense.[4] For purposes of analysis, this argument requires consideration of two questions: first, whether the defendant's alleged actions may legitimately be regarded as a single, continuous course of conduct and hence as a single offense, and second, whether the defendant would be prejudiced by his prosecution on a single-count basis.

### A. Tax Evasion Charges

■ As a general matter, an indictment is not impermissibly duplicitous even though it alleges more than one offense in a single count if the offenses being charged bear such a relationship to one another that they constitute a continuing course of conduct. See, e.g., *United States v. Mangieri*, 694 F.2d 1270, 1282 (D.C.Cir.

1982); *United States v. Robin*, 693 F.2d 376 (5th Cir.1982); *United States v. Berardi*, 675 F.2d 894 (7th Cir.1982); *United States v. Margiotta*, 646 F.2d 729 (2d Cir. 1981); *United States v. Alsobrook*, 620 F.2d 139 (6th Cir.1980); *United States v. Canas*, 595 F.2d 73 (1st Cir.1979); *United States v. Girard*, 601 F.2d 69 (2d Cir.1979); *United States v. Zeidman*, 540 F.2d 314 (7th Cir.1976); *United States v. Daley*, 454 F.2d 505 (1st Cir.1972); *United States v. Pavloski*, 574 F.2d 933 (7th Cir.1968). That much is conceded by the defendant. However, he argues that, whatever may be true with respect to other types of offenses, this rule does not apply to the evasion of income taxes. That offense, it is said, is time-specific, that is, each offense is tied to a particular year,[5] and the charging of tax evasion in a single count with respect to more than one year is therefore *per se* impermissibly duplicitous.

■ A number of decisions are cited in support of this contention; however, none of them is conclusive or even persuasive. Those decisions that involved construction of the Internal Revenue Code at all,[6] by

---

*States v. Haas, supra*, 583 F.2d at 221. In this case, the government's memorandum in opposition to the motion to dismiss contains a detailed account of its case and provides ample information about the prosecution version of the facts so as to enable defendant to prepare his case. Any lack of specificity has been cured by this detailed accounting of the government's case and by ongoing discovery, and defendant conceded as much during the hearing on this motion.

3. The question of the statute of limitations in relation to defendant's claim of impermissible duplicity is explored below.

4. Duplicity is the joining in a single count of two or more distinct and separate offenses. *United States v. Mangieri*, 694 F.2d 1270, 1281 (D.C.Cir.1982); 1 C. Wright, *Federal Practice and Procedure: Criminal* § 142 (2d ed. 1982).

5. Income taxes are, of course, due and payable on an annual basis. *United States v. Goldberg*, 206 F.Supp. 394, 397 (E.D.Pa.1962), *aff'd*, 330 F.2d 30 (3d Cir.1964).

6. Two of the cases cited arose out of the Immigration and Naturalization Act provision which

permits the deportation of individuals convicted of two crimes unless both convictions arise out of the same scheme of criminal misconduct. *Costello v. Immigration and Naturalization Service*, 311 F.2d 343 (2d Cir.1962), *rev'd on other grounds*, 376 U.S. 120, 84 S.Ct. 580, 11 L.Ed.2d 559 (1964); *Chanan Din Khan v. Barber*, 147 F.Supp. 771 (N.D.Cal.1957), *aff'd*, 253 F.2d 547 (9th Cir.1958). In both cases the individuals were convicted of failure to pay taxes in two separate years, and both times the courts rejected the argument that these two incidents arose out of the same criminal scheme. These decisions do not help defendant, however, not only because the courts there were construing the immigration laws, not the tax laws, but also because of the rationale on which the cases were decided. In *Costello*, a deportation case involving the well-known mobster, the court stated that charges of tax evasion for two separate years are two separate crimes "in the absence of additional facts to support an inference that the two crimes are related." In *Chanan Din Khan*, the court stated that the evidence indicated that defendant's success in his scheme to defraud in 1947 encouraged a repeat performance in 1948—not that there was one continuing scheme.

and large [7] merely upheld grand jury decisions to charge evasion in as many counts as there were years; [8] they do not stand for the opposite proposition: that an indictment which charges tax evasion for more than one year is impermissibly duplicitous. The cited decisions would buttress defendant's argument in this case only if the rule were that conduct which *may* be charged in several counts *must* be so charged or be subject to dismissal on duplicity grounds. But that is not the law. To the contrary, it is well established that two or more acts, each of which would constitute an offense standing alone and which therefore could be charged as separate counts of an indictment, may instead be charged in a single count if those acts could be characterized as part of a single, continuing scheme. *United States v. Mangieri, supra,* 694 F.2d at 1281–82; *United States v. Robin, supra,* 693 F.2d at 378; *United States v. Elam,* 678 F.2d 1234, 1250 (5th Cir.1982); *United States v. Berardi, supra,* 675 F.2d at 898; *United States v. Margiotta, supra,* 646 F.2d at 733; *United States v. Alsobrook, supra,* 620 F.2d at 142–43; *United States v. Girard, supra,* 601 F.2d at 72.

■■■■ The grand jury, presumably under the guidance of the prosecutor, may charge few or many counts depending upon a variety of factors, and, absent oppression or impermissible duplicity, the decision with respect thereto is within the realm of grand jury and prosecutorial discretion. *United States v. Alsobrook, supra,* 620 F.2d at 142; *United States v. Berardi, supra,* 675 F.2d at 898; *United States v. Pavlovski, supra,* 574 F.2d at 936; *United States v. Margiotta, supra,* 646 F.2d at 733.[9]

The few cases in which the issue of duplicity has been directly decided, or even discussed, in the context of income tax evasion support this conclusion. At least three courts have found it permissible to charge conspiracy to evade several years' taxes as one count. *United States v. Baker, supra,* 262 F.Supp. 657; *Lott v. United States, supra,* 309 F.2d 115; *United States v. Haskell, supra,* 327 F.2d 281. And in what is apparently the only decision to have considered directly the issue whether tax evasion itself could be charged in a single count covering more than one year's taxes, the court held this practice to be proper. *United States v. England,* 229 F.Supp. 493 (E.D.Ill.1964).[10]

For these reasons, the Court concludes that defendant's duplicity argument stands or falls not on the narrow basis of tax evasion law but on how it measures up

7. *United States v. Goldberg, supra,* 206 F.Supp. at 397, held that since a willful attempt to evade taxes due in one year is a separate offense from a like attempt to evade for another year, any conspiracy to evade taxes must be charged as a separate offense for each year of the conspiracy. This view was expressly rejected in *United States v. Baker,* 262 F.Supp. 657, 684 (D.D.C.1966), and *Lott v. United States,* 309 F.2d 115, 120–21 (5th Cir.1962). See also, *United States v. Haskell,* 327 F.2d 281, 284 (2d Cir.1964).

8. See *United States v. Smith,* 335 F.2d 898 (7th Cir.1964); *Norwitt v. United States,* 195 F.2d 127 (9th Cir.1952); *United States v. Johnson,* 123 F.2d 111, 119 (7th Cir.1941), *rev'd,* 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546 (1943); *United States v. Sullivan,* 98 F.2d 79, 80 (2d Cir.1938).

9. Indeed, because of the wide discretion possessed by grand juries and prosecutors in this regard, and because that discretion has in recent years often been exercised in favor of multiple charges, the argument now most frequently advanced by criminal defendants is not duplicity but that the prosecution impermissibly multiplied charges, either to induce a guilty plea to some of them or to expose the defendant to an extended prison sentence. Perhaps because of this phenomenon, there are few recent complaints of, and reported decisions dealing with, duplicity. It may be noted that in this case the government professes that it sought only a single felony count rather than twelve so as not to be accused of oppression of this defendant.

10. That case is of dubious precedential value, however, because the decision of the District Court was reversed on other grounds, the Court of Appeals noting that it was not necessary to discuss the remaining specifications of error. *United States v. England,* 347 F.2d 425, 436 (7th Cir.1965). In two other cases—*Cohen v. United States,* 297 F.2d 760, 769–70 (9th Cir.1962), and *United States v. Swallow,* 511 F.2d 514 (10th Cir.1975)—the courts affirmed convictions where the indictments charged willful evasion for several years in one count, but in neither case was there any discussion of duplicity.

against more general principles. These will now be considered.

## B. Continuing Offense Principles

Case law suggests that two factors are critical to the determination whether particular conduct may be charged as a continuing offense in a single count: (1) the language and legislative history of the statute, and (2) the nature of the proscribed conduct. See *United States v. UCO Oil Co.*, 546 F.2d 833 (9th Cir.1976).[11]

Neither the language of the tax evasion statute nor its legislative history shed much light on the question whether it is proper to charge a continuing scheme to evade taxes for several years. The statute makes it a felony for any person to "willfully attempt[ ] in any manner to evade or defeat any tax imposed by this title or the payment thereof." The Supreme Court has recognized that this language defines a very broad spectrum of conduct, holding that

> Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished and perhaps did not define lest its efforts to do so result in some unexpected limitation. Nor would we by definition constrict the scope of the Congressional provision that it may be accomplished 'in any manner'. By way of illustration, and not by way of limitation, we would think affirmative willful attempt may be inferred from conduct such as keeping. a double set of books, making false entries

or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal.

*Spies v. United States, supra,* 317 U.S. at 499, 63 S.Ct. at 368. While this language is certainly not conclusive upon the question under consideration here, it does seem to contemplate with respect to this offense the kinds of acts which typically would be committed on a multi-year, continuing-course-of-conduct basis.[12]

Pointing toward the same conclusion is the other principal factor referred to by the *UCO Oil Co.* court—the nature of the conduct involved.[13] Briefly stated, the government charges the following.[14]

 Since at least 1973, the defendant, a prominent criminal defense attorney in the District of Columbia, has conducted all of his professional and personal business in cash, maintaining no bank accounts, office ledgers, or receipts or disbursement journals. He received all his legal fees in cash; he paid his employees' salaries in cash; he possessed no credit cards; and he never acquired assets (such as real property or automobiles) which could be attached pursuant to a judgment or otherwise. Additionally, defendant never met any of the employer reporting and contribution re-

---

**11.** The Ninth Circuit in the *UCO Oil Co.* case noted the legislative history as a factor separate from the statutory language, and it further referred to yet another factor—the appropriateness of multiple punishment for the conduct charged. To the extent that the multiple punishment factor has relevance here, it is of no assistance to defendant. If the indictment had charged twelve separate counts even though there was but a single course of conduct involving a single continuing intent, it could well be argued and held that it was unfair to subject the defendant to multiple punishment therefor. The obverse of the coin, of course, is that a single count covering all twelve years is both more appropriate and not impermissibly duplicitous. See *Bell v. United States,* 349 U.S. 81, 75

S.Ct. 620, 99 L.Ed. 905 (1955); *United States v. Robin, supra,* 693 F.2d at 379; *United States v. UCO Oil Co., supra,* 546 F.2d at 837–38.

**12.** The legislative history provides no additional clues on this question. See 1954 United States Code Cong. and Admin. News 4572, 5251, and 5343.

**13.** The court in *UCO Oil* considered under this rubric not only the words of the particular statute but also the specific conduct being charged in the case there under review. See also *United States v. Mangieri, supra.*

**14.** See Opposition to Defendant's Motion to Dismiss.

quirements of federal law; and he never filed estimated income tax returns.

Defendant's former law partner opened two bank accounts in her own name, but the accounts were, in fact, used by defendant not only for joint office expenses but also for his own personal expenditures. Between 1974 and 1983, a total of over $1.5 million was deposited in these accounts, one-half of which constituted defendant's income,[15] and defendant spent considerable sums for various purposes, including provisions for his own personal needs, the payment of gambling expenses, and payments to a girlfriend.

Although defendant reported a total income for the twelve years from 1972 through 1983 of $387,438.96 on which there was a tax due, not counting interest and penalties, of $134,866.40, he made only two $2,500 tax payments during that period, both in the context of and to forestall federal or local criminal tax investigations. During that same period, the IRS obtained at least nine civil tax judgments against defendant,[16] but because of his cash method of operation, and his failure to acquire bank accounts or tangible assets, the IRS was never able to collect on any of these judgments.[17]

These activities, should they be proved, could be regarded as evidencing a continuing course of conduct.[18] The establishment and maintenance of a cash method of operation, the establishment and long-term maintenance of accounts for the benefit of defendant in the name of another, and the making of substantial expenditures for many years notwithstanding claims of lack of resources—which are the crux of the government's case—are not likely to be attributable, consistently with reality[19] only to the year in which a particular act occurred.[20]

The same conclusion emerges from a consideration of the alternatives. If the present indictment were to be dismissed as duplicitous, and the government secured an indictment with twelve felony counts, each attributable to a particular year since 1972, the question would immediately arise as to how the evidence sketched out above was to be treated in the resulting trial.

The government's theory is—and in a new, multi-count indictment it presumably again would be—that each affirmative act of evasion was intended to evade payment of all taxes known to be owing or which defendant expected to become owing at the time of the affirmative act. Thus, the first count of such a hypothetical indictment presumably would allege evasion of taxes due in 1972. In support of that count, the government would be entitled to introduce evidence of a tax deficiency in 1972 as well as of any and all affirmative acts of evasion after 1978[21] which may have been

---

**15.** Nevertheless, on four different occasions between 1975 and 1980, defendant stated that he had neither cash nor bank accounts.

**16.** The most recent such judgment was secured in 1982, in the amount of $108,105 for the years 1970 through 1975.

**17.** In 1974 in federal court in Baltimore, defendant pleaded no contest to a criminal tax charge for failure to file income tax returns in 1968 and 1979. He was placed on probation and fined. He paid that fine, but he again failed to pay the tax due.

**18.** That issue is entirely separate from the question whether defendant's failure to pay was willful, or whether there were other, legitimate reasons for that failure. Willfulness, obviously, is a matter to be proved by the government at trial.

**19.** For example, if, as the government apparently claims, defendant established an account in his partner's name in 1974, with the intention thereafter to use one-half of the funds as his own, the creation of the account would most likely have significance for tax evasion purposes for as long as the account existed and was used for defendant's personal purposes.

**20.** The various failures to file estimated tax returns and the failures to pay notwithstanding judgments could more readily be attributed to particular years, but these matters are in a sense subsidiary to what, if the government's allegations are true, was a continuing scheme or plan.

**21.** That is, during the limitations period. Acts of evasion occurring between 1972 and 1978 would probably also be admissible, especially where—as in the instance of the establishment of a bank account in the name of another—they had continuing consequences.

intended to evade payment of the 1972 taxes.

In other words, the same evidence that the government apparently intends to produce with respect to the present single-count indictment covering twelve years would be admissible to support the first count (in a twelve-count indictment) charging the evasion of taxes due in 1972, and this same evidentiary pattern could and would be repeated eleven more times, that is, with respect to each subsequent count. The defendant would be no better off in terms of the trial evidence and the jury's perceptions than he is under the present indictment; he would most likely be worse off.[22] At the same time, such a departure from reality would likely be unnecessarily confusing to the jury.

For these reasons, the Court concludes that tax evasion covering several years may be charged in a single count as a course of conduct in circumstances such as these where the underlying basis of the indictment is an allegedly consistent, long-term pattern of conduct directed at the evasion of taxes for these years.[23]

### III

#### *Fairness to Defendant*

An indictment should be dismissed as impermissibly duplicitous notwithstanding the considerations discussed above if trial on a single count would be unfair to the defendant. *United States v. Alsobrook, supra,* 620 F.2d at 142; *United States v. Berardi, supra,* 675 F.2d at 898; *United States v. Pavlovski, supra,* 574 F.2d at 936; *United States v. Margiotta,*

*supra,* 646 F.2d at 733; see also, *United States v. Robin, supra,* 693 F.2d at 378. In order to determine whether fairness requires dismissal of an indictment which includes in one count what could be several independent charges, the Court must measure that indictment against the purposes of the prohibition against duplicity. These purposes are generally held to be: (1) the prevention of double jeopardy, (2) an assurance of adequate notice to the defendant, (3) the provision of a basis for appropriate sentencing, (4) the danger that a conviction was produced by a verdict that may not have been unanimous as to any one of the crimes charged. *United States v. Margiotta, supra; United States v. Pavloski, supra,* 574 F.2d at 936; *United States v. Starks,* 515 F.2d 112, 116 (3d Cir.1975). The Court now considers this case tested against those purposes.

First. In the context of the rule against duplicitous indictments, the double jeopardy threat is acute primarily where the indictment implicitly charges violation of several different statutes which share some common element or elements or where it is not clear what laws are alleged to have been violated. See, *e.g., United States v. Elam, supra,* 678 F.2d 1234, 1250–51 (5th Cir.1982); *United States v. Orzechowski,* 547 F.2d 978, 986–87 (7th Cir.1976). In such situations, there is always a danger that the government, having failed in one prosecution, will initiate another, arguing that the object of the new indictment was not encompassed under the earlier charge.

That danger is largely, if not entirely, nonexistent in a case such as this where

---

**22.** Additionally, indictment on twelve separate counts would expose the defendant to possible punishment in multiples of his exposure under the present indictment. If the jury were to accept the government's evidence and conclude that the affirmative act of maintaining a cash lifestyle, say, in 1983 was directed not only at evading taxes due in that year but at all taxes due and assessed in earlier years for which the Internal Revenue Service could otherwise have collected, defendant could be found guilty of twelve felony violations based upon that one affirmative act.

**23.** It is clear that the Internal Revenue Code has sufficient flexibility to permit a finding that it is violated through a course of conduct. See *Sansome v. United States, supra,* 380 U.S. at 350–51, 85 S.Ct. at 1009–10, and *Spies v. United States, supra,* 317 U.S. at 497, 63 S.Ct. at 367, where the Supreme Court stated that:

[Section 7201 is] the capstone of a system of sanctions which singly or in combination were calculated to induce prompt and forthright fulfillment of every duty under the income tax law and to provide a penalty suitable to every degree of delinquency.

the indictment is duplicitous, if at all, only because it charges tax evasion with respect to more than one year. Only one statute is involved, and there can therefore be no confusion in that respect. Moreover, it is clear from the indictment itself and from the "bill of particulars" which the prosecution has furnished the defendant (see note 2, *supra*) that the pending indictment encompasses all acts of income tax evasion by this defendant during the years 1972 through 1983. Upon inquiry by the Court, government counsel reaffirmed that all such acts during these twelve years are included in Count I of the indictment.[24] In short, whether defendant is acquitted or convicted on the felony count of the present indictment, he is protected from a new income tax evasion charge for any of these years on the basis of any act or omission occurring prior to the return of that indictment. For these reasons, the danger of double jeopardy is entirely absent.

Second. The need to provide a defendant with notice of the charges against him raises issues that are similar to those which are presented by the double jeopardy issue. Unlike someone who is charged in a single indictment with violation of what may appear to be several overlapping laws, only a single statute is here involved. Defendant knows from the indictment itself that he is being prosecuted for an alleged violation of that single statute by evading taxes due in twelve specified successive years. If that indictment had been broken down by the grand jury into twelve counts, each relating to one of these years, but otherwise identical in language, defendant would have had no more precise or ample notice of the charges against him than he has under the present indictment. Thus, the alleged duplicity of the indictment does not raise notice problems. If defendant has

any such problems, they arise from the fact that the exact means of committing the offense, *i.e.*, what specific actions will be proved by the government are not specified in the indictment. However, as discussed in note 2, *supra*, such specificity is not required by the law. Moreover, as noted above, the charges have been so fully amplified by the government's papers and by the discovery it has provided to defendant that lack of adequate notice cannot legitimately be asserted.

Third. A number of decisions suggest that a duplicitous indictment presents the danger that a general verdict of guilty on the count will not disclose the complete range of jury findings, and that this could prejudice the defendant in sentencing. *United States v. Starks, supra*, 515 F.2d at 116; *United States v. Margiotta, supra*, 646 F.2d at 733. This concern, once again, would be more of a problem if this indictment contained a single count containing disparate charges arising under different statutes. Where, as here, the alleged duplicity lies in a charge under a single statute by conduct which occurred over a longer period of time, any sentencing and consequent appellate review problems are substantially mitigated.

Furthermore, the sentencing issue is in one sense but a subset of the unanimous verdict problem discussed below. Although defendant has not elaborated on this point, his argument presumably would appear to be that the Court's sentence, in the event of a conviction, might be dependent upon the number of separate years of evasion which underlay the jury's verdict. However, as indicated *infra*, in the event of a guilty verdict, the Court intends to ascertain from the jury what is encompassed by that verdict. Moreover, since the basic prosecution theory is that there

---

**24.** During the hearing on this motion the government stated that, inasmuch as it was not charging the defendant with attempting to evade taxes by underreporting, if evidence of underreporting came to light, the defendant conceivably could hereafter be charged with the distinct offense of filing false returns. However, insofar as tax evasion is concerned, government

counsel acknowledged that defendant could not, in a successive prosecution, be charged with that offense for the years 1972 through 1983. This concession, in addition to the record of the trial, would be available to the defendant in support of a plea of double jeopardy in any future proceeding. *United States v. Haldeman, supra*, 559 F.2d at 126.

was a continuing course of conduct, it is not likely to be decisive on any sentence how many years of evasion were involved in the scheme if a scheme is ultimately proved. Finally, a court is not limited in imposing sentence to the specific facts found by the jury through its verdict, but it may take into account the surrounding circumstances.[25]

Fourth. The most serious issue with regard to fairness is that of a possible lack of unanimity of the jury under the indictment and the proposed evidence in the event of a guilty verdict. It is conceivable, for example, that some jurors might vote for conviction on the basis that defendant took actions to evade federal income taxes in 1980 but not in 1979, while other members of the jury might so vote on precisely the opposite basis. This unanimity problem is exacerbated (1) by the statute of limitations issue, and (2) by the government's theory that the intentional acts of evasion relate to each and to every failure to pay and that they cannot be allocated to one particular year's failure. With these complications, it is possible to postulate that some jurors will vote for conviction on the ground that defendant failed to pay taxes in 1973 (outside the statute of limitations) but that in 1982 (during the limitations period) he committed willful, affirmative acts of evasion relating to the taxes owing for the earlier year. Other jurors, in turn, might have entirely different bases for their votes of guilty both regarding the year during which defendant did not pay, the year when he committed the acts of evasion, and the years in which he formed or otherwise possessed and evidenced the intent to evade the payment of taxes.

The Court has concluded that, while for the reasons discussed in Part II above, the prosecution may go forward on the basis of the present indictment, the defendant is entitled to be protected against the danger that, on such an indictment, he will be convicted not on the basis of one unanimous verdict on a single set of facts but under juror votes for conviction which, depending on the particular member of the jury, relate to entirely different years.

Both interests may be accomodated by appropriate jury instructions and special interrogatories to the jury.[26] To this end, the Court intends to instruct the jury in some detail on these issues and to request it to answer special interrogatories.

Initially, the Court expects to instruct the jury that, while it may consider both evidence of a failure to pay taxes and evidence of tax evasion occurring prior to 1978, it may not convict the defendant unless it finds that he took affirmative steps to evade income taxes after 1978, and further that it may not return a guilty verdict unless there is unanimity with respect to at least one act of evasion since that year.

More specifically, the Court intends to instruct the jury that, to return a verdict of guilty on the felony count, it must agree unanimously (1) that during one or more specific years since 1972 the defendant failed to pay his federal income taxes, (2) that after 1978 he willfully committed one or more particular acts which constituted evasion, such as concealing the existence and location of assets, placing assets beyond service of process, or making false statements to agents of the Internal Revenue Service, and (3) that these acts of evasion were part of a course of conduct which had as its purpose the willful evasion of the payment of such taxes.[27] The Court fur-

---

**25.** See 18 U.S.C. §§ 3552, 3553, and Fed.R. Crim.P. 32(c). Before sentencing "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come," *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972), and he may even consider evidence of crimes of which defendant was nei-

ther tried nor convicted. *United States v. Johnson,* 507 F.2d 826 (7th Cir.1974).

**26.** But see, *e.g., United States v. Spock,* 416 F.2d 165, 180–83 (1st Cir.1969).

**27.** Although the existence of a course of conduct is not an element of the offense as such, it would be unfair to the defendant and inconsistent with the prosecution's theory to permit it to

ther expects the jury to return, in addition to its verdict on the felony count, answers to specific questions regarding these elements of the offense.[28]

For the reasons stated, the motion to dismiss Count I of the indictment is hereby denied.

rely on the existence of such a course to defeat the duplicity claim (as augmented by the statute of limitations defense), but then to have this factor ignored when the jury is called upon to make its decision.

28. The parties will, of course, be given full opportunity to submit appropriate instructions and questions.