UNITED STATES of America

v.

John A. SHORTER, Jr.

Crim. No. 84–0421.

United States District Court,
District of Columbia.

Nov. 27, 1985.

Carol E. Bruce, Darryl W. Jackson, Asst. U.S. Attys., Washington, D.C., for Government.

John A. Shorter, Jr., Washington, D.C., for defense, Shorter.

MEMORANDUM

HAROLD H. GREENE, District Judge.

Defendant's motion under Fed.R.Crim.P. 33 for a new trial raises four matters, three of which have previously been addressed in writing by the Court.[1] Defendant raises no new issues with respect to those three matters, and the Court will not disturb its prior rulings for the reasons given at length when those rulings were made.

Defendant's challenge to the Court's oral ruling of October 1, 1985 on the admissibility of his prior taxpaying history does require discussion. In a written pretrial Memorandum Order dated September 13, 1985, 618 F.Supp. 255, the Court held that evidence of that taxpaying history before 1974, including prior convictions for failure to pay taxes and failure to file a tax return, would not be admitted as part of the government's case-in-chief. However, by its express terms, the September 13 Order did not "preclude the possibility ... that some of this evidence [would] be admitted ... should defendant 'open the door' ... by ... cross examination ... or by the production of evidence of his own." September 13, 1985 Order at 3.

The Court's oral ruling on October 1, 1985 was not only consistent with the September 13 order, but it was fully justified in the context of the events which occurred during the trial.

In the opening statement made on defendant's behalf, his then counsel had emphasized that, once he took the stand, defendant would explain in detail how he had become addicted to gambling in his early

---

1. See the Court's Opinions of March 26, 1985, 608 F.Supp. 871, (duplicitous indictment); September 13, 1985 (expert testimony on pathological gambling); and October 21, 1985, 620 F.Supp. 73, (prosecutorial misconduct and prejudicial publicity).

youth and how that gambling obsession progressed as the years went by. Moreover, and more directly to the point, defendant himself had implied in his cross-examination of various IRS officials that these persons had conducted their investigations after 1974 in a manner designed to encourage a criminal prosecution rather than a civil settlement with the IRS. As a consequence of the September 13 ruling, the IRS witnesses were not permitted to testify that they were aware of Mr. Shorter's pre–1974 delinquencies—a factor relevant in response to that innuendo—and the jury was unable to evaluate fairly the motivations of the IRS investigators who were dealing with defendant during the years covered in the indictment.[2] However, when defendant announced that he would take the stand, it could be expected that his testimony would open the door to his earlier failures to pay taxes and to the IRS investigators' knowledge of that fact. To make certain that its September 13 ruling was not transformed from a shield into a sword, the Court ruled that, should defendant testify, the government could ask him on cross-examination (1) whether he had failed to pay taxes and file returns in years before 1974 and (2) whether he understood that IRS investigators knew of his prior taxpaying history.[3]

■ Even at that, the Court was careful to protect defendant by ruling that, even if he answered both questions in the affirmative, the government would not be permitted to establish defendant's prior tax convictions or even the fact that civil judg-

ments had been secured against him on account of his tax delinquencies. Thus, the ruling was narrowly tailored to ensure that the probative value of the evidence would not be outweighed by undue prejudice. See Fed.R.Evid. 403; *United States v. Beechum, supra,* 582 F.2d at 911.[4]

The Court is of the view today, as it was on October 1, that the limited government cross-examination authorized by its oral ruling was necessary to a fair trial and entirely consistent with the Federal Rules of Evidence.

■ Even if the merits of the Court's decision were open to question, defendant would face a significant obstacle in his quest for a new trial. In *Luce v. United States,* —— U.S. ——, 105 S.Ct. 460, 464, 83 L.Ed.2d 443 (1984), the Supreme Court ruled that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." When the defendant chooses not to take the stand, there is simply no way any court can assess (1) whether the government's hypothetical cross-examination would be improper,[5] and (2) whether that hypothetical cross-examination would actually prejudice the defendant.[6] In declining to take the stand, defendant plainly waived any objections he might have otherwise been able to raise to the assumed government cross-examination with regard to his taxpaying history.

For the foregoing reasons, it is this 26th day of November, 1985

---

2. Because of defendant's numerous pre–1974 tax delinquencies, a criminal investigation was fully justified.

3. On this basis, this evidence would, of course, have been admitted to explain IRS conduct and not as evidence of defendant's character. See Fed.R.Evid. 404(b); *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir.1978) (en banc). Pre-1974 evidence would also have been admissible as part of the government's rebuttal case for similar reasons.

4. Because the Court did not in its oral ruling permit the government to inquire about prior *convictions* for failure to pay and failure to file, Fed.R.Evid. 609 was not implicated.

5. As indicated *supra,* the Court's October 1 ruling necessarily assumed defendant's direct evidence as it then appeared: of necessity, if that evidence turned out, in fact, to be more restricted or more expansive than expected, the allowable cross-examination, or the permissible rebuttable evidence, would have had to be adjusted accordingly.

6. Although *Luce* deals specifically with the problem of prior convictions, its reasoning is applicable *ipso facto* to evidence of a lesser character.

ORDERED that defendant's motion for a new trial be and it is hereby denied.