900 F.2d 256
 29 Fed. R. Evid. Serv. 1419
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold Lee DEAL, a/k/a Charles Deal, a/k/a Louis E. Huckaby,
a/k/a Charles Kimbrough Defendant-Appellant.
 No. 89-5201.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1990.
Decided: March 27, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-88-48-5)
 William E. Martin, Federal Public Defender, G. Alan Dubois, Assistant Federal Public Defender, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Raleigh, N.C., for appellee.
 Before ERVIN, Chief Judge, and WIDENER and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this appeal, Harold Lee Deal challenges his conviction on several counts involving the interstate transportation of stolen securities. He urges that the trial court erred in excluding expert testimony concerning his alleged compulsive gambling condition. We find no abuse of discretion and therefore affirm.
 
 
 2
 Deal, who is an auctioneer, approached H. Estes Rigsbee about leasing land in Garner, North Carolina, to establish a site for monthly mobile home auctions. Rigsbee is in the business of selling new and used mobile homes. The two agreed that Deal would auction Rigsbee's mobile homes under a commission arrangement, the details of which are not germane to this appeal. At the first auction on April 8, 1987, eight homes were sold, yielding gross proceeds of $44,500. About $7,000 of that amount was in cash, the rest in checks which Deal instructed the buyers to write to him personally. Deal refused to hand over the cash or endorse the checks over to Rigsbee. He insisted on depositing the funds in a Georgia account. Consequently, Deal wrote Rigsbee a check for $44,500 (for the value of the eight homes sold) and Rigsbee wrote Deal a check for $2185 (for commissions on the sales).
 
 
 3
 Deal deposited the checks, but not the cash, in a Georgia checking account on April 9. On the same day, he withdrew $10,450. On April 13, Deal had $5,000 from the account wired to him at the Trump Plaza in Atlantic City. On April 13, the check Deal had given Rigsbee bounced. On April 16, Deal's wife closed the checking account by withdrawing the remaining balance of $16,091. She testified that she withdrew the money to prevent Deal from using it for gambling, but that he subsequently located and gambled away that sum as well.
 
 
 4
 Deal and his wife were indicted and convicted of conspiracy to transport stolen securities, transporting stolen securities, and aiding and abetting the same, in violation of 18 U.S.C. Secs. 2, 371 and 2314. Deal was ordered to pay restitution and sentenced to five years imprisonment, with the proviso he be eligible for immediate parole under 18 U.S.C. Sec. 4205(b)(2).* He is on release pending the outcome of this appeal. His wife received a lesser sentence and has not appealed her conviction.
 
 
 5
 On appeal, Deal asserts that the district court committed reversible error in excluding the testimony of a psychiatrist concerning Deal's alleged compulsive gambling condition. According to Deal's proffer of testimony, the psychiatrist would have stated only (1) that people with a pathological gambling disorder have impulses to gamble when they possess large sums of money, and (2) that Deal has such a disorder. The expert would have provided no more specific insight into Deal's conduct. The trial court ruled the evidence too speculative to be presented to a jury.
 
 
 6
 We agree. Such evidence, even if marginally relevant, "was properly excluded under rule 403 because of the likelihood that it would mislead the jury." Tony Guiffre Distrib. Co. v. Washington Metro Area Transit Auth., 740 F.2d 295, 297 (4th Cir.1984); cf. United States v. Shorter, 809 F.2d 54, 61 (D.C.Cir.), cert. denied, 484 U.S. 817 (1987). Indeed, evidence that a defendant suffers from a pathological gambling disorder is inadmissible as an insanity defense because the theory lacks substantial acceptance in the scientific community. United States v. Gould, 741 F.2d 45, 48-50 (4th Cir.1984); United States v. Gillis, 773 F.2d 549, 558 (4th Cir.1985).
 
 
 7
 The admission or exclusion of expert testimony is within the discretion of the trial judge. Hamling v. United States, 418 U.S. 87, 108 (1974). That discretion was not abused in this case. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and oral argument would not significantly aid the decisional process. The decision of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The offenses occurred prior to the effective date of the United States Sentencing Guidelines