**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4956**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

UCHE KAMALU,

           Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:05-cr-00210-AW)

Argued: September 26, 2008     Decided: October 29, 2008

Before KING, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** John O. Iweanoge, II, Washington, D.C., for Appellant. Michael R. Pauzé, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Stuart A. Berman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Uche Kamalu appeals his convictions on one count of violating 26 U.S.C. § 7212(a) (corruptly obstructing administration of the Internal Revenue Code), and ten counts of violating 26 U.S.C. § 7206(2) (willful preparation of false income tax returns). Because the first count of the indictment was not duplicitous or prejudicial to the defendant, the evidence was sufficient to support his convictions on the tenth and eleventh counts of the indictment, he was not entitled to a new trial, and his challenge to the sentence of imprisonment is moot, we affirm the judgment of the district court.

I.

Kamalu, a certified public accountant, prepared federal income tax returns for his clients. In an eleven-count indictment, Kamalu was accused of causing "numerous client taxpayers to falsely report itemized deductions to include deductions for mileage expenses," thereby understating their actual income tax liability. Count One of the indictment, charging a violation of 26 U.S.C. § 7212(a), alleged that Kamalu "filed hundreds of false federal income tax returns . . . on behalf of numerous client taxpayers he represented for the tax years 1999 through 2002," and thereby "corruptly endeavored to obstruct and impede the due administration of the internal

2

revenue laws . . . by engaging in a continuous scheme to obstruct and impede the IRS from determining the correct amount of deductions to which his clients were entitled." Counts Two through Eleven charged that Kamalu "willfully aid[ed] and assist[ed] in the preparation and presentation . . . of . . . an Internal Revenue Service Form 1040 and accompanying schedules . . . which was fraudulent and false as to a material matter," in violation of 26 U.S.C. § 7206(2). The indictment included a chart associating each of the § 7206(2) counts with an individual or joint federal income tax return and indicating that Kamalu had falsely prepared and included in each return a Schedule A and Form 2106 claiming the false mileage deductions.

At trial, the Government called Mary Somma from the Criminal Investigation Branch of the Internal Revenue Service as an expert witness. During cross-examination by Kamalu, Somma testified that, like a taxpayer, a tax preparer signs a tax return under penalty of perjury. After the trial, Somma's IRS supervisor challenged her on that point and alleged that her testimony had been intentionally false. The purported exchange between Somma and her supervisor was reported to the United States Attorney, who disclosed the information to Kamalu.

At the conclusion of the Government's case, Kamalu filed a motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure. Kamalu argued that Count One was

3

duplicitous because the Government should have been required to charge each alleged violation of § 7212(a) individually. Kamalu separately contended that the evidence was insufficient to support his convictions under Counts Ten and Eleven because the indictment specified a false Schedule A and Form 2106 for the taxpayer associated with those counts but that the Government did not prove those particular forms were ever filed. The district court denied Kamalu's motion.

A jury convicted Kamalu on all eleven counts of the indictment. Following the Government's disclosure pertaining to Somma, Kamalu filed a motion for a new trial under Rule 33 and argued the testimony was perjurious. The district court denied Kamalu's motion.

The sentencing guidelines applicable to Kamalu's convictions provided a base offense level of 14 for a tax loss between $30,000 and $80,000 and a base offense level of 16 where the tax loss is between $80,000 and $200,000. United States Sentencing Guidelines Manual § 2T4.1 (2007). In preparation for sentencing, the Government submitted a memorandum to the Probation Officer purporting to establish that the total tax loss attributable to Kamalu's conduct was $157,072. The Government attributed $53,052 of the tax loss to the taxpayers identified in Counts Two through Eleven of the indictment. The Government contended the other $104,020 of alleged tax loss

4

should be attributed to Kamalu from unidentified clients on the basis of adjustments to their tax returns following correspondence audits by the IRS. Kamalu objected to the inclusion of the $104,020 in the tax loss calculation.

The district court accepted the Government's tax loss calculation of $157,072 as attributable to Kamalu and ultimately determined a sentencing guidelines offense level based on that loss with a sentencing range of 27 to 33 months. The court sentenced Kamalu to 27-months imprisonment on each count, to run concurrently, and one-year of supervised release on each count, to run concurrently. Kamalu appeals.

## II.

Kamalu contends the district court erred in denying his Rule 29 motion for acquittal because (1) Count One was duplicitous and prejudicial and (2) the evidence was insufficient as a matter of law to sustain his convictions on Counts Ten and Eleven. Kamalu also contends the district court erred in denying his Rule 33 motion for new trial because Somma's testimony was perjurious. Kamalu further contends the Government failed to prove the disputed $104,020 tax loss by a preponderance of the evidence and that the sentence of 27-months imprisonment was unreasonable.

5

A.

A district court's denial of a Rule 29 motion for acquittal is subject to de novo review.  United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005).

1.

"[D]uplicity is the joining in a single count of two or more distinct and separate offenses."  United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993) (internal quotation marks omitted).

> The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both.  Adverse effects on a defendant may include improper notice of the charges against him, prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, in exposure to double jeopardy, and of course the danger that a conviction will result from a less than unanimous verdict as to each separate offense.

United States v. Duncan, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988) abrogated on other grounds by Schad v. Arizona, 501 U.S. 624 (1991).

However, "two or more acts, each of which would constitute an offense standing alone and which therefore could be charged as separate counts of an indictment, may instead be charged in a single count if those acts could be characterized as part of a single, continuing scheme."  United States v. Shorter, 809 F.2d

54, 56 (D.C. Cir. 1987), abrogated on other grounds by Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993); see also United States v. Berardi, 675 F.2d 894, 898 (7th Cir. 1982) (alleging multiple acts is not duplicitous if the acts are part of a continuing course of conduct).   Moreover, a duplicitous count is not to be dismissed unless it causes prejudice to the defendant.   United States v. Sturdivant, 244 F.3d 71, 75 (2d Cir. 2001) (citing United States v. Margiotta, 646 F.2d 729, 733 (2d Cir. 1981) and United States v. Murray, 618 F.2d 892, 896 (2d Cir. 1980)).   "Where the indictment 'fairly interpreted' alleges a 'continuing course of conduct, during a discrete period of time,' the indictment is not prejudicially duplicitous."   United States v. Davis, 471 F.3d 783, 790 (4th Cir. 2006).

Count One of the indictment expressly charged Kamalu with "engaging in a continuing scheme," thereby aggregating several potentially discrete counts of violating § 7212(a) in a single count.   Even if doing so rendered the indictment duplicitous despite the allegation of a continuing scheme, we are unable to find any prejudice to Kamalu.   Count One presented no risk of double jeopardy because the Government is now foreclosed from prosecuting Kamalu for further violations of § 7212(a) that

7

could form part of the alleged scheme.[1]  Rather, Kamalu benefitted from the aggregation because each discrete count would have been amenable to a separate sentence upon conviction. See Berardi, 675 F.2d at 898 (noting that charging each discrete criminal offense in a separate count would have subjected the defendant to multiple statutory penalties).  Thus the district court did not err in denying Kamalu's motion for acquittal on Count One and we affirm his conviction.

2.

When a criminal conviction is appealed on the ground that the underlying evidence is insufficient, we review the evidence in the light most favorable to the Government to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Abuelhawa, 523 F.3d 415, 422 (4th Cir. 2008).

---

[1] Nor is there risk that the continuing scheme in violation of § 7212(a) impermissibly overlapped with the discrete charges of § 7206(2) violations because there are different elements to each crime.  Compare United States v. Aramony, 88 F.3d 1369, 1382 (4th Cir. 1996) (setting forth the elements of § 7206(2)) with United States v. Williams, 644 F.2d 696, 699 (8th Cir. 1981) (setting forth the elements of § 7212(a)).  Double jeopardy does not bar prosecution of the same act under two criminal statutes that require proof of different elements. United States v. Allen, 13 F.3d 105, 108-09 & 109 n.4 (4th Cir. 1993) (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)).

Both Kamalu and the Government agree that Kamalu's conviction on Counts Ten and Eleven of the indictment must rest on evidence that "(1) the defendant aided, assisted, or otherwise caused the preparation and presentation of a return; (2) that the return was fraudulent or false as to a material matter; and (3) the act of the defendant was willful." Aramony, 88 F.3d at 1382.

Cesarine Ngoma's tax returns were the subject of Counts Ten and Eleven of the indictment. The Government introduced no evidence that Kamalu assisted her in the preparation of a Schedule A or Form 2106 for the years at issue, or that Ngoma filed those particular documents with her income tax returns. However, Ngoma testified that Kamalu had assisted in the preparation of a Schedule C for the tax returns at issue and on which the false business mileage deductions appeared. That evidence, viewed in the light most favorable to the Government, is sufficient to establish the elements of the crime.

Kamalu argues, nonetheless, that the references to Schedule A and Form 2106 in the indictment created a variance between the indictment and the evidence adduced at trial (i.e., that Schedule C, not Schedule A or Form 2106, was introduced into evidence). However, a conviction will not be set aside for such a variance unless it modifies the elements of the crime. United States v. Davis, 202 F.3d 212, 216 n.3 (4th Cir. 2000). That the false deductions Kamalu manufactured for Ngoma appeared on

9

Schedule C rather than Schedule A and Form 2106 had no effect on the elements of the crime charged. Moreover, the indictment accused Kamalu of "willfully aid[ing] and assist[ing] in the preparation and presentation of . . . an Internal Revenue Service Form 1040 and accompanying schedules" for the identified clients in specific tax years. (Emphasis added.) That language encompassed Ngoma's entire tax return, including Schedule C, giving Kamalu adequate notice of the charges against him. Thus, the reference to Schedule A and Form 2106 in Counts Ten and Eleven was harmless surplusage. Thus, the district court did not err in denying Kamalu's motion for acquittal on those counts and we affirm Kamalu's convictions.

B.

We review denial of a Rule 33 motion for a new trial for abuse of discretion. United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003). A defendant may be entitled to a new trial after a showing that the testimony of a witness was false and that the Government offered it despite knowledge of the falsehood. United States v. Wallace, 538 F.2d 326, 326 (4th Cir. 1976) (per curiam). However, Kamalu's argument that the district court erred in denying his motion for new trial is without merit because Somma's testimony was true and accurate.

10

A true statement is not perjury. See, e.g., United States v. Good, 326 F.3d 589, 591 (4th Cir. 2003).

The Internal Revenue Code requires that "any return . . . shall . . . be verified by a written declaration that is made under the penalties of perjury." 26 U.S.C. § 6505 (2002). The implementing regulations, which Kamalu does not challenge, provide that:

> if a return, declaration, statement, or other document is prepared for a taxpayer by another person for compensation or as an incident to the performance of other services for which such person receives compensation, and the return, declaration, statement, or other document requires that it shall contain or be verified by a written declaration that is prepared under the penalties of perjury, the preparer must so verify the return, declaration, statement, or other document.

26 C.F.R. § 1.6065-1 (2008). Moreover, signatories to a Form 1040, including the tax preparer, subscribe to a declaration that provides "Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge." The declaration on all the tax returns in this case expressly included the paid tax preparer, Kamalu. Finally, "[a] tax return that does not contain such a declaration does not contain information on which the substantial correctness of the

11

self-assessment [of income tax liability] may be judged" and is therefore invalid. Hettig v. United States, 845 F.2d 794, 795 (8th Cir. 1988) (per curiam); accord Mosher v. IRS, 775 F.2d 1292, 1294 (5th Cir. 1985) (per curiam); Borgeson v. United States, 757 F.2d 1071, 1073 (10th Cir. 1985) (per curiam). Thus, even if the accusation were true that Somma intended to testify falsely, as a matter of law her testimony was correct and could not have caused Kamalu any legal prejudice. The district court did not abuse its discretion in denying Kamalu's motion for a new trial.

C.

Finally, Kamalu contends the district court erred when it found the tax loss exceeded $80,000 and calculated his sentencing guidelines range accordingly. Kamalu separately argues the 27-month sentence was unreasonable.

At oral argument, the Government informed the Court that Kamalu's sentence of active incarceration had been served and that he had been released from custody. Kamalu did not dispute the Government's representation.

> "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed," for federal courts have "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or

12

> rules of law which cannot affect the matter in issue in the case before it."

Incumma v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007) (quoting Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)). Because Kamalu has completed his term of active incarceration this Court can grant no meaningful relief on these issues, which challenge only the length of sentence rather than the underlying convictions,[2] and we dismiss them as moot.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

---

[2] No retroactive adjustment of his completed sentence of active incarceration can affect the unexpired term of supervised release. United States v. Johnson, 529 U.S. 53, 58-59 (2000).

13